MIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WALBERTO HERNANDEZ-REYES,

     **Plaintiff,**

       v.

MASTER DONUTS, INC.,

     **Defendants.**

**CIVIL. NO. 25-1469 (RAM)**

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Master Donuts, Inc. ("Defendant" or "Master Donuts")'s *Motion to Strike/Dismiss Amended Complaint* ("*Motion*") and Plaintiff Walberto Hernandez-Reyes ("Plaintiff" or "Hernandez-Reyes")'s opposition thereto. (Docket Nos. 21, 22). Having considered the parties' submissions, the *Motion* is **GRANTED** in part and **DENIED** in part for reasons set forth below.

## I.    PROCEDURAL BACKGROUND

Plaintiff initially filed a succinct, 11-page *Complaint* in the Commonwealth of Puerto Rico's Court of First Instance on June 26, 2025. (Docket No. 1-3). The *Complaint* alleged that the height of the counter at Master Donuts' store, as well as its aisle width, waiting area design, and lack of accessible-entrance signage, violate Title II of the Americans with Disabilities Act ("ADA"), because they allegedly prevent wheelchair users from enjoying safe

and equal access. *See* id. On September 4, 2025, Defendant invoked federal subject-matter jurisdiction and removed the case to this Court, because the *Complaint* involves claims under a federal statute. (Docket No. 1).

On October 1, 2025, Defendant filed a *Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1)* ("*Motion to Dismiss*"). (Docket No. 9). Therein, Defendant alleged that Plaintiff's attorney has a long track record of filing duplicative ADA lawsuits and pressuring opposing parties for attorneys' fees. Id. at 19. Defendant asserted that Plaintiff's attorney is now recycling ADA claims identical to those litigated and settled by him in Suarez-Torres v. Masters Donuts, Inc. et al, Civil No. 16-2298-DRD, in 2018. Id. at 2. Defendant pointed to the fact that the Honorable Judge Daniel R. Domínguez noted in that case that Master Donuts "did not have to make...[ADA-related] repairs for several reasons, to wit: (a) the building structure was built before ADA; (b) the defendant is not the owner of the building, and (c) the owner of the building structure is not a party in the instant case." Id. at 6-7. Asserting that all of Plaintiff's claims are, therefore, moot, Defendant concluded by suggesting that Plaintiff and his counsel ought to be deemed vexatious litigants and requesting that the Court impose restrictions requiring Plaintiff and his counsel to

seek leave of court prior to bringing future ADA actions. Id. at 16–20.

In response, on October 22, 2025, Plaintiff filed a voluminous, 117-page *Amended Complaint* composed of several hundred paragraphs and subparagraphs. (Docket No. 17). Switching gears from brief allegations about Master Donuts' counters, aisles, signage, and waiting area, the *Amended Complaint* expands the scope of litigation to dozens of newly asserted architectural barriers, including ramp slope measurements, parking lot gradients, restroom maneuvering space, queue management stanchion placement, counter knee and toe clearance, available clear floor space, among many more. *See, e.g.*, id. at 9–91 (detailing dozens of alleged issues in the design of the Master Donuts shop).

On November 5, 2025, Defendant filed the *Motion to Strike/Dismiss Amended Complaint* pending before the Court here. (Docket No. 21). Defendant cites to several Federal Rules of Civil Procedure to argue that the Court should dismiss, strike, or order the filing of a trimmed down version of the *Amended Complaint*, because it is prolix, excessively redundant, full of commentary, confusing, and far in excess of the "short and plain statement of the claim" required under Fed. R. Civ. P. 8(a)(2). Id. at 1–2. In support of its theory that the *Amended Complaint* is far too long, Defendant cites to Fed. R. Civ. P. 8(a)(2)'s requirement of a short and plain statement, Fed. R. Civ. P. 12(f)'s provision allowing

the striking of redundant matter, and Fed. R. Civ. P. 12(e)'s provision allowing motions for more definite statements. Id. at 2-5.

On November 6, 2025, Hernandez-Reyes filed a *Response* to Defendant's *Motion*. (Docket No. 22). Therein, Plaintiff accuses Defendant of procedural gamesmanship and suggests that Defendant is attacking the *Complaint* for being too vague and the *Amended Complaint* for being too detailed. Id. at 1. Plaintiff argues that the *Motion* is procedurally defective and centers this allegation on Defendant's citation to Fed. R. Civ. P. 12(f); he states that this rule allows the striking of redundant matter but cannot be used to strike an entire complaint. Id. at 3-4. While implying that Defendant does not refer to Fed. R. Civ. P. 8(a) or Fed. R. Civ. P. 12(e), Plaintiff nevertheless argues that his *Amended Complaint* does not violate Fed. R. Civ. P. 8. Id. at 5-6.

## II.  APPLICABLE LAW

Fed. R. Civ. P. 8(a) declares that "[a] pleading that states a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief." In general, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). If a complaint fails to adhere to Fed. R. Civ. P. 8's requirements of simplicity, shortness, and plainness, the court even "has the power to dismiss" it. Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). This sanction is particularly

appropriate when a complaint is so "prolix" and "redundant" that it would be "unreasonable to expect defendants to frame a response to it." Sayied v. White, 89 F. App'x 284 (1st Cir. 2004) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1281, at 522 (2d ed. 1990) ("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage")).

Courts around the country, including the First Circuit, have repeatedly dismissed complaints or ordered the filing of more succinct versions when a pleading is so riddled with redundancy, verbosity, or prolixity that it forces the Court to search for the relevant facts in a mass of verbiage. *See, e.g.*, Miranda v. U.S., 105 Fed. Appx. 280 (1st Cir. 2004); Kamdem-Ouaffo v. Huczko, 810 Fed. Appx. 82, 85 (3d Cir. 2020); Wingo v. Mullins, 400 Fed. Appx. 344 (10th Cir. 2010); Gollomp v. Spitzer, 568 F.3d 355 (2d Cir. 2009); Osahar v. U.S. Postal Service, 297 Fed. Appx. 863 (11th Cir. 2008); Ciralsky v. C.I.A., 355 F.3d 661, 359 (D.C. Cir. 2004); VeroBlue Farms USA Inc. v. Canaccord Genuity LLC, 2021 WL 3913555 (S.D. N.Y. 2021), *aff'd*, 2022 WL 2133780 (2d Cir. 2022) (the complaints, "through their length and overuse of unnecessary factual allegations not directly relevant to the claims at issue here, place an undue burden on the court as well as any parties

seeking to respond") (citation and internal quotation marks omitted).

When a violation of Rule 8 "is such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading," courts often "strik[e] the entire pleading and grant[] leave to replead." Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1281 (4th ed. 2025); *see, e.g.*, <u>Lindell v. McCallum</u>, 352 F.3d 1107 (7th Cir. 2003); <u>Koll v. Wayzata State Bank</u>, 397 F.2d 124 (8th Cir. 1968); <u>Ball v. Tate-Ball</u>, 2011 WL 2457664, *1 (D. Haw. 2011); <u>Gibbs v. U.S.</u>, 2011 WL 485899 (M.D. Fla. 2011).

### III. DISCUSSION

Plaintiff presents to this Court a vast *Amended Complaint* that runs across 117 pages and several hundred paragraphs to plead three claims under the ADA. (Docket No. 17). The first centers around Master Donuts' ramp and its accoutrements, the second around alleged obstructions to the clear floor space inside, and the third around the configuration of Master Donuts' counter. <u>Id.</u> at 106–16. Each of these theories is capable of being stated in a much more straightforward manner respectful of the requirements of Fed. R. Civ. P. 8. Hence, the Court finds that Plaintiff's capacious *Amended Complaint* is not "a short and plain statement" showing that Hernandez-Reyes "is entitled to relief." Fed. R. Civ. P.

8(a)(2). Moreover, its allegations are the opposite of "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Detailing all the ways in which Plaintiff's pleading is superfluous would be a lengthy exercise; nevertheless, the Court mentions a few below. For instance, to each of the dozens of listed alleged violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), Plaintiff fastens pages detailing how the violation creates barriers or hazards for wheelchair users. *See, e.g.*, (Docket No. 17 at 7-9, 11-12, 13-14, 15-16, 16-17, 17-19, 20-22, 22-24, 25-27, 29-30, 32-33, 34-35, 36-37, 38, 39-40, 42, 44-45, 93-96). Plaintiff then repeats many of these hazards in a separate "Cumulative Effect and Systemic Failure to Provide Equal Access" section, as if the reader of the antecedent pages enumerating hazards would require further notice of their alleged existence. Id. at 45-47. The reader is then treated to a fresh set of pages detailing the hazards created by an allegedly illegal placement of a "trash receptacle." Id. at 75-82.

Other parts of Plaintiff's *Amended Complaint*, while purporting to address, for example, standing, simply repackage facts previously outlined. *Compare* id. at 5-6 (describing Plaintiff's interest in Master Donuts, his proximity to it, his intention to continue to visit, and the alleged deterrent effect of the barriers in the shop) *with* id. at 57-69 (repeatedly

addressing the alleged deterrent effect of the architectural barriers on Plaintiff, his specific intent to return, the certainty of future encounters, Plaintiff's continued exposure to harm, and other aspects of standing doctrine). In particular, discussions of standing are needlessly repeated: for instance, Plaintiff duplicates "standing," "capability of repetition," and "justiciability" analyses for his three claims, recycling many assertions about his desire to return to the shop and eat donuts. Id. at 50-70, 74-75, 80-83, 101-04.

Plaintiff himself previously set out his allegations against Master Donuts in an 11-page original *Complaint*, lending further credence to the notion that a far shorter, more focused pleading would suffice to provide fair notice under Rule 8. (Docket No. 1-3). Instead, Plaintiff chose to bury the Court and Defendant with an *Amended Complaint* so riddled with redundancy, verbosity, and prolixity that it would force the Court to ferret for the relevant facts in a mass of verbiage. Such pleadings have been rejected by courts across the country, including courts in this circuit and district. *See, e.g.*, Miranda, 105 Fed. Appx. at 280; Cintron-Luna v. Roman-Bultron, 668 F. Supp. 2d 315, 318 (D.P.R. 2009).

In such circumstances, First Circuit precedent permits the Court to dismiss the complaint entirely, though this choice of sanction is "harsh." Miranda, 105 Fed. Appx. at 280. Instead, the Court adopts a more moderate course: it **DENIES** the *Motion* insofar

as Defendant seeks outright dismissal and **GRANTS** the *Motion* in part by striking the *Amended Complaint*. Plaintiff is ordered to file a streamlined second amended complaint that complies with Rule 8's requirement of a short and plain statement of the claim by December 10, 2025.

The issues listed by the Court above are far from an exhaustive list of the ways in which the *Amended Complaint* is redundant, and the Court encourages Plaintiff to critically examine other aspects of his future pleadings to ensure that they, too, are not struck for lack of compliance with Fed. R. Civ. P. 8.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's *Motion to Strike* at Docket No. 21 is hereby **GRANTED** in part and **DENIED** in part. Plaintiff must file a second amended complaint by December 10, 2025.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of November 2025.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge